John E. Seidlitz, Jr.
SEIDLITZ LAW OFFICE
21 Third Street North, Suite 412
P.O. Box 1581
Great Falls, MT 59403-1581
Telephone: (406) 727-1431
Facsimile: (406) 452-9933
Attorney for Plaintiff

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | |
|---|---|
| CAROL ZULEGER,<br><br>Plaintiff,<br><br>vs.<br><br>BEAUTY SYSTEMS GROUP LLC d/b/a COSMOPROF,<br><br>Defendant. | Cause No.: CDV-10-0386<br><br>CV-10-29-GF-SEH<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW the Plaintiff, Carol Zuleger, demanding trial by jury and for her complaint against the Defendant alleges as follows:

I.

At all times relevant herein the Plaintiff was and is a person residing in Great Falls, Cascade County, State of Montana.

II.

Defendant Beauty Systems Group LLC was at all times doing business in the State of Montana. Defendant does business under the name Cosmoprof.

III.

Plaintiff was employed by Defendant for five years.

IV.

Plaintiff satisfactorily completed her probationary period.

V.

Plaintiff was discharged on November 1, 2009 and her discharge was not for good cause and was wrongful.

VI.

Plaintiff continued to satisfactorily perform her duties up to and including April 8, 2008. On that date she received a written warning when she entered a cash strip as a deposit on the register instead of as a cash strip. She pushed the wrong button on the register. The mistake was fixed the next day.

VII.

In the five years the plaintiff was there she met and worked with nearly 20 people, including three district managers and five managers.

VIII.

In October of 2008, Tami Schniderhand, the new district manager, suddenly began changing the rules.

IX.

Tami Schniderhand decided plaintiff needed to call her voice mail twice daily and write down everything she said. Plaintiff also was instructed to call Tami's voice mail to say plaintiff checked the voice mail.

X.

Tami Schniderhand sent faxes all the time that plaintiff was apparently supposed to read and sign. Plaintiff was not told to read and sign the faxes.

### XI.

Plaintiff received emails several days per week, which Plaintiff had to read and sign, and she did.

### XII.

Plaintiff would do a reset of a whole line of products, the way the instructions would say and Tami Schniderhand would come in and say she wanted it another way. Plaintiff is disabled and the reset was physically demanding.

### XIII.

During the summer of 2009, plaintiff started receiving texts from Merry Smith about how Tami Schniderhand was out to get her and maybe plaintiff should find a new job. After two months, plaintiff started forwarding these texts to the Manager, Nicole Mabrey.

### XIV.

Plaintiff was written up for a $9.00 till shortage. Plaintiff had been called in on her day off to work the last two hours of the shift. Plaintiff counted out the till and it was $9.00 short. She called the manager to advise her of the shortage. Plaintiff failed to inform the District Manager. Plaintiff was not advised the call-in amount had been changed down to $1.00. The change was apparently in one of Tami's faxes, which plaintiff did not know she was supposed to read.

### XV.

When either register accumulates $300.00, it will read it's time for a cash strip. At this time a minimum of $150.00 is removed and registered. The money is placed in the safe to be added to the deposit. Plaintiff was told many times she was to do

this only when no customers were in the store. On Saturday, October 31, 2009, plaintiff removed the money, but before it could be placed in the safe a customer came in and started talking to her. Plaintiff was so nervous about having the money out that she excused herself, ran the money to the safe, then hurried back to talk to the customer. By the time the customer left, plaintiff completely forgot she had failed to register the cash strip. When plaintiff closed that night, she realized what she had done when her till came out $150.00 short. Plaintiff immediately called the manager, Nicole Mabrey, and the District manager, Tami Schniderhand, and explained what she had done. Plaintiff worked alone on Sunday, November 1, 2009 and corrected the problem by entering a cash strip in the POS, making it $150.00 over. When plaintiff came in on Monday, Nicole Mabrey, told plaintiff she was being punished with a three-day suspension.

### XVI.

Plaintiff was off work for three days. When plaintiff went back on Thursday, November 5, the manager had just been faxed plaintiff's termination.

### XVII.

Plaintiff knew for at least two years people were getting hired at $8.00 an hour. Plaintiff was hired at $7.00 an hour and in September of 2009, was finally raised to $8.04 per hour.

WHEREFORE the Plaintiff prays for judgment against the Defendant as follows:

1. For compensation for lost wages for a period of four years, together with interest thereon;

2. For compensation for lost fringe benefits for a period of four years, together with interest thereon;

3. For costs and disbursements incurred herein; and

4. For such other relief as the Court deems just and proper.

DATED this 15th day of April 2010.

                SEIDLITZ LAW OFFICE

By: *[signature]*
John E. Seidlitz, Jr.
P.O. Box 1581
Great Falls, MT 59403-1581
Attorney for Plaintiff